UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STANLEY COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:17-cv-209-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Stanley Collins is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Collins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Collins's petition.

In 2012, a jury convicted Stanley Collins of conspiracy to possess with the intent to distribute cocaine and attempted possession with the intent to distribute cocaine.[1] The district court determined that Collins had multiple prior convictions for felony drug offenses and, thus, was subject to a mandatory minimum sentence of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A). Collins appealed his case, but the United States Court of Appeals for the Eleventh Circuit affirmed his convictions. Collins then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion and the Eleventh Circuit denied him a certificate of appealability.

Collins has now filed a § 2241 petition with this Court. [R. 1.] While Collins's submission is difficult to understand, he appears to be arguing that the district court erred when it

---

[1] The procedural history comes from Collins's petition, as well as *United States v. Stanley Collins*, No. 8:12-cr-078-SCB-TBM-1 (M.D. Fla. 2012), and *Stanley Collins v. United States*, No. 8:14-cv-2218-SCB-TBM (M.D. Fla. 2014).

determined that he had at least two prior convictions for felony drug offenses and thus was subject to a mandatory minimum sentence of life in prison. Collins cites *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his petition, and he claims that the district court improperly failed to use the "categorical approach" described in that case to determine whether his prior drug convictions were indeed valid predicate offenses for purposes of the § 841(b)(1)(A) enhancement. Ultimately, Collins claims that if his "prior offenses are subjected to the categorical approach, they would not qualify as a 'felony drug offense' as defined under federal law." [R. 1-1 at 6.]

Collins's § 2241 petition, however, constitutes an impermissible collateral attack on his sentence. That is because while a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Collins cannot use a § 2241 petition as a way of challenging his sentence.

Collins nevertheless argues that he can attack his sentence in a § 2241 petition. [R. 1-1 at 30.] But Collins's argument is off base. It is true that, in *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the Sixth Circuit expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive

change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the district court sentenced Collins in 2012, well after the Supreme Court decided *Booker*. Plus, Collins has failed to identify a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a "felony drug offense." To be sure, Collins relies on *Mathis*, but that case discussed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act (ACCA), and, here, Collins received his sentence enhancement under § 841(b)(1)(A), a different statute with broader language. *See Jose Adrian Hernandez v. J. Ray Ormond*, No. 6:17-cv-081-DLB (E.D. Ky. September 18, 2017) (noting that the analysis described in *Mathis* is not applicable to enhancements pursuant to § 841(b)(1)(A)'s broad language). Thus, Collins's reliance on *Mathis* is simply unavailing.

In short, Collins cannot assert his claims in a § 2241 petition. Accordingly, it is hereby **ORDERED** as follows:

1. Collins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding judgment will be entered this date.

This the 6th day of October, 2017.

Gregory F. Van Tatenhove
United States District Judge